[No. A029032. First Dist., Div. Five. July 25, 1985.]

RICHARD KOSOWSKI, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
CITY OF SANTA ROSA et al., Respondents.

634

COUNSEL

Richens L. Wootton for Petitioner.

Mullen & Filippi, James T. Ponzio and Karen M. Land for Respondents.

OPINION

KING, J.—In this case we hold that if industrially injured public safety workers, entitled to leave at full salary for up to one year in lieu of temporary disability payments under Labor Code section 4850, receive earnings from self-employment during the leave, their employer is entitled to credit such earnings against its obligation to pay full salary.

We granted Richard Kosowski's petition for writ of review of a decision of the Workers' Compensation Appeals Board (Board) which affirmed the workers' compensation judge's finding allowing his employer a credit against Labor Code section 4850[1] benefits for Kosowski's self-employment earnings during the period he was on leave and paid full salary in lieu of temporary disability. We affirm the decision of the Board.

Kosowski, a 36-year-old firefighter employed by the City of Santa Rosa (hereafter City), sustained industrial injury to his back on June 20, 1979,

---

[1]All section references are to the Labor Code.

while using a chain saw to cut an overhead limb from a tree during a fire. As a result of the injury, he stopped work on August 4, 1980. Kosowski was paid full salary, in lieu of temporary disability, beginning August 4, 1980, pursuant to section 4850.

When an orthopedic surgeon, after an examination of Kosowski at the request of City, reported he was permanent and stationary and could not return to work, City instituted disability retirement proceedings. Kosowski was involuntarily retired for disability on April 6, 1981, and payment of his full salary was terminated on April 30, 1981.

At a conference on May 21, 1981, Kosowski's claim for back injury was consolidated with his claim for cumulative injury in the nature of hypertension. The parties stipulated that he had sustained an injury to his back on June 22, 1979, but City continues to contest his claim that he had sustained the cumulative injury. At the conference, City also raised the issue of credit for overpayment of benefits under section 4850 because he had income from self-employment while on leave.

Kosowski had started selling used cars as an investment and hobby prior to his injury and obtained a license to operate a used car dealership in partnership with his wife. He had remodeled a barn on his property to store his inventory (never more than one or two vehicles), and he used a small corner of the barn for his office. Although he submitted to a deposition and provided some information with respect to his business, he refused to provide further information on the ground that the information was irrelevant and an invasion of his privacy.

On June 30, 1983, the workers' compensation judge found that the "defendants are entitled to take credit for wages earned against benefits owed pursuant to Labor Code section 4850 during the period December 4, 1980, through April 30, 1981," explaining, "It is difficult for me to believe that it is the intent of the Legislature that if the applicant is able to work at some other occupation, that he should still receive from the taxpayers an amount equivalent to his full salary and, thus, receive a windfall at the taxpayers' expense." On July 13, 1983, the order was corrected to read "during the period August 4, 1980, through April 30, 1981."

Kosowski sought reconsideration, which the Board granted for further study of "an issue of first impression." The Board affirmed the finding of the judge, concluding that it had power to allow a credit against section 4850 benefits: "The board's power to allow credit in the circumstances here is found in section 4909. The board does not award 4850 benefits, and the WCJ did not do so here. However, under section 4850 the board has juris-

diction to make findings regarding whether the public safety worker's disability was industrially caused, when the disability began and ended, and the amount of 4850 benefits to which the employee is entitled during that period of disability. As the board may make the findings just specified, it may also make findings regarding credit against 4850 benefits to which the public employer is entitled. That is exactly what the WCJ did in this case. Accordingly, we will affirm his decision."

██ ██ ██ ██ ██ We hold, for the purpose of permitting piecemeal review before entry of a final order, that Kosowski has presented a "threshold issue" within the meaning of *Safeway Stores, Inc.* v. *Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528 [163 Cal.Rptr. 750].[2]

Section 4850, in relevant part, provides: "Whenever any . . . city fireman . . . who is a member of the Public Employees' Retirement System . . . is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, *he shall become entitled, regardless of his period of service with the city . . . to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments,* if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension." (Italics added.)

██ Kosowski contends the Board has no power to establish a credit against section 4850 benefits because these are special benefits created by the Legislature for safety workers which may not be equated with ordinary workers' compensation disability benefits.

██ Liability for compensation may not be reduced or affected by an insurance, contribution or other benefit due to or received by the person entitled to such compensation. (§ 3752.) Credit will be allowed the employer, however, for amounts earned by the injured worker while the worker is being paid total temporary disability. (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1985 rev.) § 13.03 [7].)
██ The right of certain public safety workers under section 4850 to receive up to one year's leave at full pay is in lieu of temporary disability payments. (Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) §§ 3.34, 14.87, pp. 88-90, 608-609; see *Pride* v. *Industrial Acc. Com.* (1953) 18 Cal.Comp.Cases 285 (writ den.).)

---

[2]Whether this court must entertain review of an interim order of the Board is essentially in the hands of the Board. If the Board permits reconsideration under section 5900, the Board's subsequent decision is "final" for purposes of appellate review. (*Safeway Stores, Inc.* v. *Workers' Comp. Appeals Bd., supra,* 104 Cal.App.3d at p. 535.)

■ Voluntary payment of benefits shall not, *in the absence of any agreement,* be an admission of liability for compensation on the part of the employer but may be taken into account by the Board in fixing the amount of compensation to be paid. (§ 4909; *Huston* v. *Workers' Comp. Appeals Bd.* (1979) 95 Cal.App.3d 856, 866 [157 Cal.Rptr. 355].) ■ City's payment of full "salary in lieu of temporary disability" constituted "compensation" within the meaning of section 3207. (*Boyd* v. *City of Santa Ana* (1971) 6 Cal.3d 393, 397 [99 Cal.Rptr. 38, 491 P.2d 830]; *Knopfer* v. *Flournoy* (1973) 34 Cal.App.3d 318, 320 [109 Cal.Rptr. 892].) Kosowski's claim that his full salary was not a workers' compensation benefit must be rejected.

Although the Board has no jurisdiction to make an *award* of section 4850 benefits (*Boyd* v. *City of Santa Ana, supra,* 6 Cal.3d at p. 397), the Board had jurisdiction, under a 1977 amendment to section 4851, to determine whether or not the disability referred to in section 4850 arose out of and in the course of employment and also, in any disputed case, to determine when such disability commenced and ceased, and *the amount of benefits to which the employee is entitled during the period of such disability.*

We agree with the Board that section 4851, as amended, also permits the Board to apply the provisions of section 4909 to determine whether City should be entitled to a credit for earnings from self-employment during the period Kosowski was receiving his full salary in lieu of temporary disability payments. City's liability for section 4850 benefits commenced on August 4, 1980, and ceased on April 30, 1981, at the end of the month on which he was involuntarily retired. ■ At retirement, Kosowski's right to a leave of absence with full pay terminated. (*State Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd.* (1972) 26 Cal.App.3d 200, 204 [103 Cal.Rptr. 29].)

■ Assuming there is presently no fund against which an offset may be made, the Board retains jurisdiction to make an award for permanent disability, although payments of permanent disability may not commence until termination of the leave of absence with full salary. (§ 4853; *Perry* v. *Workmen's Comp. Appeals Bd.* (1972) 28 Cal.App.3d 828, 831 [105 Cal.Rptr. 89]; *City of Palo Alto* v. *Industrial Acc. Com. (Gaudin)* (1965) 232 Cal.App.2d 305 [42 Cal.Rptr. 822].) Kosowski's claim for permanent disability and other benefits remains to be determined. City will have an opportunity, at further hearings, to establish the amount of the credit. (*Los Angeles Unified School Dist.* v. *Workers' Comp. Appeals Bd.* (1984) 150 Cal.App.3d 823, 829 [198 Cal.Rptr. 116].) Any overpayment of salary made in lieu of temporary disability may be allowed as a credit against an award of permanent disability. Of course, if it develops that Kosowski re-

ceived no earnings from self-employment during the period he received full salary in lieu of temporary disability, there can be no offset.

The decision of the Board is affirmed.

Low, P. J., and Haning, J., concurred.

A petition for a rehearing was denied August 20, 1985.