[No. C056727. Third Dist. Aug. 26, 2008.]

JOHN DUNCAN, as Director, etc., Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, LINDA SILVA et al.,
Respondents.

Counsel

Vanessa L. Holton, Steven A. McGinty and Michael S. Geller for Petitioner.

Esequiel Solorio for Respondent Linda Silva.

No appearance for Respondent Workers' Compensation Appeals Board.

Opinion

**SCOTLAND, P. J.**—California's Uninsured Employers Fund (UEF), also called the Uninsured Employers Benefits Trust Fund (UEBTF), was created by the Legislature in 1971 "to ensure that workers who happen to be employed by illegally uninsured employers are not deprived of workers' compensation benefits . . . ." (Lab. Code, § 3716, subd. (b); further section references are to the Labor Code unless otherwise specified.) Thus, the UEBTF in the State Treasury is a "source of funds for injured workers whose employers have failed or refused either to obtain workers' compensation insurance coverage or to qualify as self-insurers for the employers' liability." (*DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388–389 [20 Cal.Rptr.2d 523, 853 P.2d 978] (hereafter *DuBois*).) The fund "shall pay the claimant only such benefits allowed, recognizing proper liens thereon, that would have accrued against an employer properly insured for workers' compensation liability." (§ 3716.2.)

Ordinarily, if an employer unreasonably delays or refuses to pay workers' compensation benefits, a penalty will be assessed up to 25 percent of the benefits or $10,000, whichever is less (§ 5814, subd. (a)), and, in addition to the penalty authorized by section 5814, there may be an award of reasonable attorney fees incurred in enforcing the payment of compensation awarded. (§ 5814.5.) But the Legislature has specified that the UEBTF "shall not be liable for any penalties or for the payment of interest on any awards." (§ 3716.2.) Thus, "sections 3716 and 3716.2, defining the obligations and limiting the liability of the [UEBTF], do not permit imposition of any penalty mandated by section 5814 against the [UEBTF], even for its own unreasonable delay in paying valid claims for workers' compensation." (*DuBois, supra,* 5 Cal.4th at p. 385.)

As we will explain, the limitation of liability specified by section 3716.2 also precludes the imposition of a sanction against the UEBTF that otherwise could be imposed against "a party, the party's attorney, or both, to pay any

reasonable expenses, including attorney's fees and costs, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay" and to pay, as "additional sanctions," an amount not exceeding $2,500 to the General Fund of the State Treasury. (§ 5813.)

## BACKGROUND

When Clifford Silva was killed in an industrial accident, he was a truckdriver for D-Best Express, which was illegally uninsured for workers' compensation liability. Hence, the UEBTF was "joined as a party defendant" regarding the claim for workers' compensation benefits sought by Silva's spouse and son.

On June 19, 2006, the parties agreed to an award whereby the UEBTF would pay to the applicants a death benefit of $145,000, less $17,400 in attorney fees which the UEBTF would pay to their attorney, Esequiel Solorio.

By September 13, 2006, Solorio had not received payment of the attorney fees. On that date, and on other occasions, the law firm informed the UEBTF that it had failed to pay said fees. When on October 3, 2006, the fees remained unpaid, Solorio filed a "petition for penalties," seeking a "25% penalty over [the] attorney fees that remain unpaid," plus interest "pursuant to [sections] 5800 and . . . 5814.5."

On October 11, 2006, the UEBTF issued a $17,400 check to Solorio to cover the attorney fee award, but declined to pay the requested penalty or interest, informing him that such a payment is prohibited by section 3716.2.

Solorio then filed against the UEBTF an amended petition for "sanctions pursuant to [section] 5813 and attorney fees pursuant to [section] 5814.5" for the fund's "delay in payment of applicant's attorney fees."

Finding that Solorio's law firm had contacted the UEBTF on "no less than [five] separate" occasions from September 13, 2006, through October 3, 2006, about the unpaid attorney fee award, a workers' compensation judge (WCJ) found the UEBTF's failure to make the attorney fee payment after repeated contacts constituted "bad faith action under Labor Code Section 5813." Concluding that a sanction against the UEBTF for bad faith action is not prohibited by section 3716.2, the WCJ ordered the UEBTF to pay a sanction of $100 to the Workers' Compensation Appeals Board (WCAB). The WCJ deferred, to another date, "the issue of attorney fees."

The UEBTF sought reconsideration by the WCAB, asserting the California Supreme Court's interpretation of section 3716.2 in *DuBois, supra,* 5 Cal.4th 382 (it precludes an award of penalties pursuant to § 5814) applies equally to an award of sanctions pursuant to section 5813.

Granting the petition for reconsideration, the WCAB concluded (1) a "sanction" imposed as authorized by section 5813 is different than a "penalty" imposed pursuant to section 5814, and (2) because section 3716.2 states only that the UEBTF is not liable for "any penalties," it does not preclude an award of "sanctions" pursuant to section 5813. Accordingly, the WCAB held: "When a sanction is warranted under section 5813 and Rule 10561 [Cal. Code Regs., tit. 8, § 10561]," the UEBTF "may be sanctioned, like any other party." Nevertheless, the WCAB found there was a "complete lack of evidence on why the payment of attorney's fees was delayed"; thus, the WCJ erred in holding that the UEBTF acted in bad faith in delaying the payment. The WCAB returned the matter to the WCJ "for further proceedings, including testimony by [the UEBTF's] claims adjuster, to determine the reason for the delayed payment of attorney's fees," and ordered that "[b]efore imposing a sanction, the WCJ should consider the requirements of section 5813 and Rule 10561 and decide, based on the evidence, whether [the UEBTF's] failure to comply with the award of attorney's fees resulted from willful or bad faith actions, or from mistake, inadvertence, surprise, or excusable neglect."

We issued a writ of review requested by the UEBTF and now shall annul the WCAB's order.

## DISCUSSION

### I

A party "affected by an order, decision, or award" of the WCAB may apply to the Court of Appeal for a writ of review "for the purpose of inquiring into and determining the lawfulness" of the order, decision, or award. (§ 5950.) However, appellate review of WCAB decisions is limited to "final" orders that determine a substantial right or liability of a party. (*Safeway Stores, Inc. v. Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528, 533–535 [163 Cal.Rptr. 750].)

Here, the WCAB's decision did not resolve all of the issues in this workers' compensation proceeding; it returned the matter to the WCJ for further evidence and rulings. Nonetheless, it is final for the purpose of

judicial review on the issue whether section 5813 sanctions may be imposed against the UEBTF for bad faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. This is so because the WCAB's ruling that the statutory scheme permits such sanctions against the UEBTF " 'settle[d], for purposes of the compensation proceeding, an issue critical to the claim for benefits, whether or not it resolve[d] all the issues in the proceeding or represent[ed] a decision on the right to benefits.' [Citation.]" (*Wal-Mart Stores, Inc. v. Workers' Comp. Appeals Bd.* (2003) 112 Cal.App.4th 1435, 1438, fn. 3 [5 Cal.Rptr.3d 822]; see also *Kosowski v. Workers' Comp. Appeals Bd.* (1985) 170 Cal.App.3d 632, 636 [216 Cal.Rptr. 280].)[1]

## II

To determine whether section 5813 sanctions can be imposed against the UEBTF, we look to the language of the applicable statutes.

■ Section 3716.2 provides that when an employee suffers an injury qualifying for workers' compensation benefits, but the employer is not insured for such liability, the UEBTF "shall pay the claimant *only* such *benefits* allowed, recognizing proper liens thereon, that would have accrued against an employer properly insured for workers' compensation liability." (Italics added.) Section 3716.2 further specifies that the UEBTF "shall not be liable for any penalties or for the payment of interest on any awards."

Section 3716.2 thus exempts the UEBTF from the "penalty" (§ 5814, subd. (b)) authorized by subdivision (a) of section 5814, which states: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the amount of the payment unreasonably delayed or refused shall be increased up to 25 percent or up to ten thousand dollars ($10,000), whichever is less. In any proceeding under this section, the appeals board shall use its discretion to accomplish a fair balance and substantial justice between the parties" (§ 5814, subd. (a)). (*DuBois, supra*, 5 Cal.4th at pp. 385, 387–390.)

■ Section 3716.2 also exempts the UEBTF from additional penalties authorized by sections 5814.1 and 5814.5 when a section 5814 penalty is imposed because payment of compensation is unreasonably delayed or refused. Section 5814.1 states: "When the payment of compensation has been

---

[1] In contrast, the WCAB's decision to return the matter to the WCJ for further proceedings regarding whether the UEBTF acted in bad faith was a ruling that did not finally determine a substantive right or liability of a party. Consequently, we denied Solorio's petition for writ of review of that aspect of the WCAB's decision. (*Silva v. Workers' Comp. Appeals Bd.* (Jan. 10, 2008, C057384) [nonpub. order].)

unreasonably delayed or refused prior to the issuance of an award, and the director has provided discretionary compensation pursuant to Section 4903.3, the appeals board shall award to the director a penalty to be paid by the employer in the amount of 10 percent of the compensation so provided by the director, such penalty to be in addition to the penalty imposed by Section 5814. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts." Section 5814.5 states: "When the payment of compensation has been unreasonably delayed or refused subsequent to the issuance of an award by an employer that has secured the payment of compensation pursuant to Section 3700, the appeals board shall, in addition to increasing the order, decision, or award pursuant to Section 5814, award reasonable attorneys' fees incurred in enforcing the payment of compensation awarded."

Less obvious is the answer to the question presented in this case, namely, whether "sanctions" (§ 5813, subd. (b)) authorized by subdivision (a) of section 5813 are "penalties" that, because of section 3716.2, cannot be imposed on the UEBTF. Subdivision (a) of section 5813 states: "The workers' compensation referee or appeals board may order a party, the party's attorney, or both, to pay any reasonable expenses, including attorney's fees and costs, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. In addition, a workers' compensation referee or the appeals board, in its sole discretion, may order additional sanctions not to exceed two thousand five hundred dollars ($2,500) to be transmitted to the General Fund."

██ A section 5813 sanction differs in nature and purpose from a section 5814 penalty and the additional, related penalties authorized by section 5814.1 and section 5814.5 (collectively, the penalty provisions of section 5814).

The penalty provisions of section 5814, which apply when the payment of compensation has been unreasonably delayed or denied, were "enacted as an inducement to prompt payment on the part of private employers and their insurers, which otherwise would have an economic incentive to delay or deny the payment of workers' compensation benefits." (*DuBois, supra*, 5 Cal.4th at p. 397.) They are both remedial and penal. (*Id.* at p. 396.) "The remedial aspect is to encourage the return of injured workers to their employment as quickly as possible. The penal aspect is to compel the employer to comply with the law fully and promptly." (*Davison v. Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 18 [50 Cal.Rptr. 76]; accord, *DuBois, supra*, 5 Cal.4th at p. 396.)

■ On the other hand, the sanction provision of section 5813 is designed to protect against litigation abuses, not to remedy or penalize delayed payments of awards. We so interpret its purpose because not only is delay in the payment of compensation the subject of the section 5814 penalty provisions, but also because the words of section 5813 mirror the language of Code of Civil Procedure section 128.5, subdivision (a), which states in pertinent part that a "trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. . . ." The purpose of the enactment of section 128.5 of the Code of Civil Procedure "was 'to broaden the powers of trial courts to manage their calendars and provide for the expeditious processing of civil actions by authorizing monetary sanctions' " (*Brewster v. Southern Pacific Transportation Co.* (1991) 235 Cal.App.3d 701, 710 [1 Cal.Rptr.2d 89]); accordingly, courts have interpreted it as authorizing "a sanction to control improper resort to the judicial process . . . , not simply as appropriate compensation to the prevailing party, but as a means of controlling burdensome and unnecessary legal tactics." (*Levy v. Blum* (2001) 92 Cal.App.4th 625, 635 [112 Cal.Rptr.2d 144], citation omitted; see also *Dwyer v. Crocker National Bank* (1987) 194 Cal.App.3d 1418, 1434 [240 Cal.Rptr. 297].) Where legislation has been construed by courts and a later enacted statute on "an analogous subject uses identical or substantially similar language, we may presume that the Legislature intended the same construction, unless a contrary intent clearly appears." (*Estate of Griswold* (2001) 25 Cal.4th 904, 915–916 [108 Cal.Rptr.2d 165, 24 P.3d 1191]; accord, *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 784 [55 Cal.Rptr.3d 112, 152 P.3d 416].) ■ Since no contrary intention appears, we presume that the Legislature enacted section 5813 with the same objective in mind as was its purpose in enacting Code of Civil Procedure section 128.5, namely, that section 5813 was enacted to give WCJ's and the WCAB sanctions power to help them manage their calendars and provide for the expeditious processing of workers' compensation cases, not to penalize delayed payments of awards.

Here, Solorio's request for section 5813 sanctions originated as a request for section 5814 penalties against the UEBTF for its delay in paying the attorney fees awarded in the settlement with heirs of the deceased worker. When the UEBTF pointed out to Solorio that section 3716.2 precludes the imposition of such a penalty against the UEBTF, Solorio amended his request to seek section 5813 sanctions for the UEBTF's "delay in payment of applicant's [*sic*] attorney fees." However, as we have explained, it is the section 5814 penalty provisions, not section 5813, that address unreasonable delay in paying a workers' compensation award. Therefore, Solorio has misused, and the WCJ and the WCAB have misapplied, section 5813 for that purpose.

In any event, the fact that a section 5813 sanction differs in nature and purpose from the section 5814 penalty provisions does not necessarily mean that a section 5813 sanction falls outside the words "any penalties" used by section 3716.2 in prohibiting imposition of "any penalties" against the UEBTF.

As the UEBTF points out, "[b]oth in common and legal usage, the words 'sanction' and 'penalty' are used interchangeably. They are synonyms." For example, Webster's includes in the definition of "penalty" a "punishment"; a "suffering . . . which is annexed by law"; a "disadvantage . . . due to some action (as transgression or error)" (Webster's 3d New. Internat. Dict. (1986) p. 1668) and includes in the definition of "sanction" a "measure used to punish a specific action"; a "detriment . . . that is annexed to a violation of a law." (*Id.* at pp. 2008–2009.) Another dictionary defines "sanction" as a "penalty for noncompliance specified in a law" (American Heritage Dict. (4th ed. 2000) <http://www.bartleby.com/61/2/S0060200.html> [as of Aug. 26, 2008]). Similarly, a legal dictionary defines "penalty" as a "[p]unishment imposed on a wrongdoer" (Black's Law Dict. (7th ed. 1999) p. 1153) and defines "sanction" as a "penalty or coercive measure that results from failure to comply with a law, rule, or order" (*id.* at p. 1341).

Indeed, the California Supreme Court has at least twice referred to section 5813 sanctions as "penalties." (*State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.* (1998) 18 Cal.4th 1209, 1214, fn. 3 [77 Cal.Rptr.2d 528, 959 P.2d 1204]; *Christian v. Workers' Comp. Appeals Bd.* (1997) 15 Cal.4th 505, 518, fn. 12 [63 Cal.Rptr.2d 336, 936 P.2d 115].)

It is this common meaning of a "sanction" as a "penalty" that is consistent with the purpose of the Legislature's enactment of section 3716.2, specifying that the UEBTF shall pay "only" workers' compensation "benefits" and "shall not be liable for any penalties or for the payment of interest on any awards." (See *DuBois, supra,* 5 Cal.4th at pp. 387–388 [to ascertain the intent of the Legislature so as to effectuate the purpose of a statute, courts are required to give effect to the usual, ordinary meaning of the language used in the statute].)

As explained in *DuBois, supra,* 5 Cal.4th 382, section 3716.2 was enacted in 1976, "apparently in response to [a decision of the California Supreme Court]" (5 Cal.4th at p. 391) holding that "the UEF [as the UEBTF was called then] was liable (pursuant to § 3716) to include a penalty representing a 10 percent increment in the basic amount of the award imposed against an employer wilfully failing to secure the payment of workers' compensation (§ 4554), and to include additional attorney fees awarded by reason of the

employer's failure (whether wilful or negligent) to secure payment of compensation (§ 4555)." (*DuBois, supra,* 5 Cal.4th at pp. 390–391.)

■ Thus, its purpose was to limit the liability of the UEBTF "only [to] such benefits" awarded "as if the employer *had* complied with the mandate that it secure the payment of workers' compensation." (*DuBois, supra,* 5 Cal.4th at p. 389, original italics.) A penalty or sanction cannot be construed as a workers' compensation "benefit" (see *id.* at pp. 391–392), and "[n]othing in [the statutory scheme] suggests the Legislature intended the [UEBTF] to pay any amount in excess of, or different from, the amount [of benefits] awarded against the uninsured employer" as if it did have insurance and timely paid the benefits (*id.* at p. 390).

In so interpreting section 3716.2, the Supreme Court observed that (1) penalties to induce prompt payment by private employers and their insurers who "otherwise would have an economic incentive to delay or deny the payment of workers' compensation benefits" have no logical application to the UEBTF, which "does not possess this economic incentive" (*DuBois, supra,* 5 Cal.4th at p. 397); (2) the UEBTF "may have no alternative but to defer payment of benefits whenever it lacks full funding due to state budgetary limitations, a recurring problem since the inception of the [UEBTF]" (*ibid.*); and (3) the statutory scheme demonstrates a "legislative recognition of the limited resources of the [UEBTF]" and the "related legislative intent not to render entirely coextensive, with the liability of an employer, the liability of the [UEBTF] for penalties" (*id.* at p. 392).

■ The aforesaid reasoning applies equally to sanctions authorized by section 5813 to punish litigation abuses. A sanction is not a workers' compensation "benefit" within the meaning of section 3716.2, which limits the UEBTF's liability "only" to "benefits" that would be paid by an employer properly insured for workers' compensation; the UEBTF has no economic incentive to engage in litigation abuses; sanctions would deplete the limited resources of the UEBTF, thereby undermining its ability to pay workers' compensation benefits; and the imposition of section 5813 sanctions against the UEBTF would be inconsistent with the Legislature's intent to limit the UEBTF's liability "only" to "benefits" (§ 3716.2) and "not to render entirely coextensive, with the liability of an employer, the liability of the [UEBTF] for penalties." (*DuBois, supra,* 5 Cal.4th at p. 392.)

■ For all the reasons stated above, the WCAB erred in holding that sanctions can be imposed against the UEBTF if its "failure to comply with the award of attorney's fees resulted from willful or bad faith actions . . . ."

## DISPOSITION

The WCAB decision is annulled, and the cause is remanded to the WCAB for further proceedings consistent with this opinion. Solorio shall reimburse the UEBTF for its costs on review.

Blease, J., and Davis, J., concurred.