[No. A121204. First Dist., Div. Four. Aug. 8, 2008.]

MT. DIABLO UNIFIED SCHOOL DISTRICT, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and NICOLE ROLLICK, Respondents.

[black redaction]

**COUNSEL**

Pulley & Cohen and Warren A. Pulley for Petitioner.

Falk & Hamblin and C. Patrick Hamblin for Alliance of Schools for Cooperative Insurance Program as Amicus Curiae on behalf of Petitioner.

Neil P. Sullivan and Vincent Bausano for Respondent Workers' Compensation Appeals Board.

Gearheart & Otis and Mark E. Gearheart for Respondent Nicole Rollick.

**OPINION**

**REARDON, J.**—We granted a petition for review filed by Mt. Diablo Unified School District (Mt. Diablo) to decide whether temporary disability payments commence when a school district pays an injured employee his or her normal wages under Education Code[1] section 44043. Given that section 44043 payments are, in part, temporary disability benefits under the workers' compensation laws, the answer is yes. We therefore annul the decision of the Workers' Compensation Appeals Board (WCAB) and remand the matter for further proceedings consistent with this opinion.

## BACKGROUND

Mt. Diablo employed Nicole Rollick as a special education assistant. In June 2004, she sustained an injury to "her right lower extremity, back, and spine, excluding the neck." Although Mt. Diablo initially disputed industrial causation for part of Rollick's injury, the parties eventually resolved that dispute by stipulation in January 2007. Mt. Diablo conceded Rollick's injuries arose in the course of her employment and it agreed to make payments for periods of temporary disability up to the date of the stipulation and continuing.

In February 2007, however, Mt. Diablo asked the WCAB for an order terminating further liability for temporary disability indemnity based on Labor Code section 4656, subdivision (c)(1). That subdivision generally provides for termination of temporary disability payments two years from the date payments commence.[2] In a letter to Rollick, Mt. Diablo's adjusting agency informed her temporary disability payments would end "because of the 2 year anniversary rule of temporary disability." The letter stated the first disability payment had been made in February 2005.

Rollick objected. At a hearing on the matter, the parties stipulated Mt. Diablo had paid Rollick 85.71 weeks of "education code" benefits and 7.14 weeks of "temporary disability."[3] Although the stipulation did not define "education code" benefits, it appears Rollick and the workers' compensation

---

[1] All further statutory references are to the Education Code unless otherwise indicated.

[2] Labor Code section 4656, subdivision (c)(1), provides: "Aggregate disability payments for a single injury occurring on or after April 19, 2004, causing temporary disability shall not extend for more than 104 compensable weeks within a period of two years from the date of commencement of temporary disability payment."

[3] Mt. Diablo also paid 22.42 weeks of "reimbursement from the Employment Development Department." Those payments are not at issue here.

judge assumed the payments were made pursuant to section 44043. That section, in part, directs a school district to pay an injured employee receiving temporary disability benefits his or her normal wage by supplementing the disability benefits with the employee's accrued leave time.[4]

The workers' compensation judge found "Education Code Benefits do not constitute temporary disability payments as they are not conferred upon the employee by Division 4 of the Labor Code." The workers' compensation laws are found in division 4 of the Labor Code. The judge did not explain the effect of this finding, but presumably this meant Rollick's temporary disability payments did not commence, for purposes of Labor Code section 4656, subdivision (c)(1), when Mt. Diablo made the first payment of Education Code benefits.

Mt. Diablo filed a petition for reconsideration. In an opinion and order denying the petition, the WCAB agreed with the workers' compensation judge's finding and stated its own conclusion: "In summary, we will deny the School District's petition for reconsideration because the plain language of Education Code section 44043 is language that restricts the total amount an employee can receive from both temporary disability and other 'Education Code benefits.' It is not language that equates temporary disability to such other benefits for purposes of the limitation[s] of Labor Code section 4656(c)(1)."

## DISCUSSION

There is no dispute over the underlying facts. Our task here, the interpretation of section 44043, presents a question of law we review de novo. (*Department of Rehabilitation v. Workers' Comp. Appeals Bd.* (2003) 30 Cal.4th 1281, 1290 [135 Cal.Rptr.2d 665, 70 P.3d 1076].)

Mt. Diablo contends the first payment of section 44043 benefits triggered the start of the 104-week limit on disability payments found in Labor Code section 4656, subdivision (c)(1). Mt. Diablo advances several reasons why the WCAB's interpretation of section 44043 is incorrect. Many of those reasons are sound.

---

[4] Amicus curiae Alliance of Schools for Cooperative Insurance Programs (Alliance of Schools) points out that section 44043 merely implements one tier of benefits available to injured school employees. (See, e.g., §§ 44977, 44983, 44984, 45192, 45196.) Our opinion is limited to discussing payments made pursuant to section 44043, but we cannot rule out the possibility Rollick received benefits pursuant to other provisions of the Education Code.

The WCAB correctly concluded section 44043 restricts the amount of wages or salary an injured school district employee may receive. The first paragraph of section 44043 provides that an employee receiving "temporary disability benefits under the workers' compensation laws of this state, shall not be entitled to receive wages or salary from the district which, when added to the temporary disability benefits, will exceed a full day's wages or salary." (See also §§ 44984, par. f, 45192, subd. (f).)

This is far from the end of the analysis, however. The second paragraph of section 44043 provides: "During such periods of temporary disability so long as the employee has available for the employee's use sick leave, vacation, compensating time off or other paid leave of absence, the district shall require that temporary disability checks be endorsed payable to the district. The district shall then cause the employee to receive the person's normal wage or salary less appropriate deductions including but not limited to employee retirement contributions."[5]

The WCAB did not find, and no one is arguing, that section 44043 is ambiguous. When a school district employee with available leave time is disabled and receiving temporary disability benefits under the workers' compensation laws, the employee endorses his or her disability check and gives it to the school district. In turn the school district pays the employee his or her normal wages as long as the employee has accrued leave available.

As Mt. Diablo asserts, entitlement to section 44043 benefits is contingent on payment of workers' compensation temporary disability benefits. (See § 45192, subd. (f) [employee is entitled to use only so much of accumulated leave time which when *added* to workers' compensation award provides for full day's wage or salary].) It follows that the date temporary disability payments commence can be no later than the first payment under section 44043. Further, each subsequent section 44043 payment is contingent on receipt of a temporary disability check and consists, in part, of temporary disability benefits. The fact the school district issues a single check combining temporary disability and leave benefits does not change the essence of the underlying payments.

The only real issue here is that Mt. Diablo admits it does not precisely follow the procedure outlined in section 44043, or the alternate procedure set

---

[5] The third and final paragraph of section 44043 provides: "When sick leave, vacation, compensating time off or other available paid leave is used in conjunction with temporary disability benefits derived from workers' compensation, as provided in this section, it shall be reduced only in that amount necessary to provide a full day's wage or salary when added to the temporary disability benefits."

forth in section 44044.[6] Instead, according to Mt. Diablo, its "insurer"[7] issues a "voucher" equal to the injured worker's temporary disability rate directly to the school district. Mt. Diablo then pays the injured worker's full salary. Mt. Diablo states this procedure is used by school districts throughout California, and that it saves all parties time and money, while speeding and simplifying the administration of benefits. Amicus curiae Alliance of Schools similarly states the practice of mailing disability checks to injured workers was abandoned when "the vast majority of California School Districts" became self-insured. The record before us does not confirm those statements, but sending the temporary disability payment directly to the school district undoubtedly simplifies matters for both the school district and the employee.

We note the WCAB made no mention of this deviation from the procedure outlined in section 44043 in reaching its decision. Rollick, however, has made it a cornerstone of her argument that the Education Code payments in this case were not temporary disability benefits and did not trigger the two-year period for temporary disability payments. She states that for most of the time period in question she was not receiving temporary disability. Instead she "simply received full salary from the District." Rollick argues that as Mt. Diablo decided not to follow the statute, it cannot argue temporary disability commenced with the first payment of section 44043 benefits.

Rollick's argument could be read as implicitly conceding that if Mt. Diablo had followed the procedures set forth in section 44043 (or § 44044) to the letter, temporary disability benefits would have commenced with the first section 44043 payment. So the question is whether the result should be different here because the temporary disability checks never landed in Rollick's hands (at least until her accrued leave time was exhausted). We conclude the answer is no because a contrary answer would elevate form over substance. Rollick received exactly what she was entitled to under section 44043. And it is no surprise that she accepted her Education Code payments without objection, and without having to go through the additional steps of receiving, endorsing and delivering her disability check to Mt. Diablo. Although the Legislature has set forth a certain procedure to follow in section

---

[6] Section 44044, in relevant part, provides: "Notwithstanding the provisions of Sections 44043, 44984 and 45192, a school district may waive the requirement that temporary disability checks be endorsed payable to the district, and may in lieu thereof, permit the employee to retain his temporary disability check, providing that notice be given to the district that such check has been delivered to the employee. In such cases, the district shall then cause the employee to receive his normal wage or salary less appropriate deductions, including, but not limited to, employee retirement contributions, and an amount equivalent to the face amount of the temporary disability check, which the employee has been permitted to retain. In all cases, employee benefits are to be computed on the basis of the employee's regular wage or salary prior to the deduction of any amounts for temporary disability payments."

[7] Mt. Diablo is permissibly self-insured and adjusted by Contra Costa County Schools Insurance Group.

44043, we do not believe it would be concerned with a slight administrative deviation that is mutually beneficial to the parties and achieves the same end result. To conclude otherwise would lead to an absurd result.

The last point that requires discussion is Rollick's and the WCAB's belief that section 44043 payments are analogous to salary continuation benefits payable to public safety workers under Labor Code section 4850. The WCAB has concluded Labor Code section 4850 benefits are not subject to the two-year limit on payment of temporary disability. (See *County of Sacramento v. Workers' Comp. Appeals Bd.* (2007) 72 Cal.Comp.Cases 854; *City of Oakland v. Workers' Comp. Appeals Bd.* (2007) 72 Cal.Comp.Cases 249; see also *City and County of San Francisco v. Workers' Comp. Appeals Bd.* (2007) 72 Cal.Comp.Cases 1013.)

We express no opinion on the WCAB's conclusion regarding Labor Code section 4850 salary continuation benefits. Instead, it is readily apparent from comparing section 4850 with section 44043 that one is looking at two quite distinct provisions. Labor Code section 4850 provides that defined public safety workers are entitled to a leave of absence while disabled, "whether temporarily or permanently," without loss of salary for up to one year. (*Id.*, subd. (a).) The payment of salary is "in lieu of temporary disability payments." (*Ibid.*) Section 4850 does provide for the remittance of any disability insurance payments to the employer (*id.*, subd. (d)), but receipt and transfer of such payments is not a prerequisite to payment of the salary continuation benefits.

Section 44043, rather·than providing for payment in lieu of temporary disability payments, provides for payment of accumulated leave time in addition to temporary disability payments. Section 44043 payments are contingent on receiving temporary disability benefits. Section 44043 payments end when leave time is exhausted. In sum, section 44043 provides a different and inferior benefit than Labor Code section 4850.[8]

It is unnecessary to discuss the additional arguments advanced by Mt. Diablo and Alliance for Schools supporting reversal of the WCAB's decision. But we do think it is appropriate to acknowledge that the brief of Alliance of Schools contributed to a better understanding of the history and context of Education Code benefits for injured school employees.

---

[8] A better but still far from perfect analogy is industrial disability leave payable to state employees under Government Code sections 19869 through 19877.1. Industrial disability leave payments count toward the 104 weeks of temporary disability indemnity. (*Brooks v. Workers' Comp. Appeals Bd.* (2008) 161 Cal.App.4th 1522, 1526 [75 Cal.Rptr.3d 277].)

## DISPOSITION

The order and opinion of the WCAB is annulled, and the case is remanded for further proceedings consistent with this opinion. The parties shall bear their own costs.

Ruvolo, P. J., and Rivera, J., concurred.