[No. A135889. First Dist., Div. Four. Jan. 30, 2013.]

COUNTY OF ALAMEDA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and BRYAN
KNITTEL, Respondents.

### COUNSEL

Hanna, Brophy, MacLean, McAleer & Jensen and Christian P. Kerry for Petitioner.

Miguel Marquez, County Counsel (Santa Clara), Lori E. Pegg, Acting County Counsel, Donna Diaz, Lead Deputy County Counsel, and Sara J. Ponzio, Deputy County Counsel, for County of Santa Clara as Amicus Curiae on behalf of Petitioner.

John F. Krattli, County Counsel (Los Angeles), Ralph L Rosato, Assistant County Counsel, Jeffrey L. Scott and Lin Lee, Deputy County Counsel, for County of Los Angeles as Amicus Curiae on behalf of Petitioner.

Jennifer B. Henning for California State Association of Counties and the League of California Cities as Amici Curiae on behalf of Petitioner.

Jones, Clifford, Johnson, Dehner, Wong, Morrison, Sheppard & Bell and Kenneth M. Sheppard for Peace Officers Research Association of California as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Mastagni, Holstedt, Amick, Miller & Johnsen and Stuart C. Woo for Respondent Bryan Knittel.

## OPINION

**REARDON, J.**—The question in this workers' compensation matter is whether salary continuation benefits paid to an injured public safety officer count toward a 104-week limit on payments for an injury causing temporary disability. We conclude the answer is "yes."

## BACKGROUND

On September 13, 2009, Bryan Knittel injured his knee while working as an Alameda County Deputy Sheriff. Knittel was unable to perform his duties after the injury, and the County of Alameda (County) paid disability benefits from the date of his injury.

Knittel was classified as temporarily disabled for over two years. For the first year Knittel was disabled, the County paid him benefits pursuant to Labor Code[1] section 4850. Under that section, public safety officers who are disabled in the course of their duties are entitled to a leave of absence without loss of salary for up to one year. After the first year passed, the County paid Knittel "regular" temporary disability indemnity benefits for another year.

The County then ceased to pay temporary disability indemnity, citing the 104-week limit on aggregate disability payments for an injury causing temporary disability. (§ 4656, subd. (c)(2).)

---

[1] All further statutory references are to the Labor Code unless otherwise noted.

Knittel disputed the County's interpretation of the law and requested a hearing before the Workers' Compensation Appeals Board (WCAB). At the hearing, the workers' compensation judge (WCJ) assigned to the matter agreed with Knittel, concluding section 4850 benefits do not "count toward the two-year limitation under Section 4656."

The County filed a petition for reconsideration. The WCAB denied the petition in an order that merely adopted the reasons stated by the WCJ in his report. The County then filed a petition for review in this court. We granted the petition to resolve this question of statutory interpretation that affects local governments and public safety officers.[2]

## DISCUSSION

We are presented with an issue of law subject to de novo review. (*Department of Rehabilitation v. Workers' Comp. Appeals Bd.* (2003) 30 Cal.4th 1281, 1290 [135 Cal.Rptr.2d 665, 70 P.3d 1076].) We accord significant respect to the WCAB's interpretation of the workers' compensation law. (*Ibid.*) We note, however, that neither the parties, amici curiae, nor the WCAB itself has cited a decision from the WCAB that has interpreted the statutory language (§ 4656, subd. (c)(2)) at issue in this appeal.

■ We must also liberally construe the workers' compensation law "with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (§ 3202.) "However, the policy underlying section 3202 cannot supplant the intent of the Legislature as expressed in a particular statute." (*Fuentes v. Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 8 [128 Cal.Rptr. 673, 547 P.2d 449].)

■ We begin with a brief overview of the three workers' compensation benefits that will be discussed in this decision. The first is temporary disability indemnity. "Temporary disability indemnity is the basic benefit payable to an injured employee who is temporarily disabled due to industrial injury; it serves as a substitute for wages lost by the employee during the time he or she is actually incapacitated from working." (*City of Martinez v.*

---

[2] The court has received amicus curiae briefs in support of the County's petition from the California League of Cities, the California State Association of Counties, the County of Los Angeles, and the County of Santa Clara. The court received an amicus curiae brief supporting the WCJ's decision from the Peace Officers Research Association of California (hereafter, PORAC).

*Workers' Comp. Appeals Bd.* (2000) 85 Cal.App.4th 601, 608 [102 Cal.Rptr.2d 588].) An injured employee receives temporary disability indemnity until the employee returns to work or is able to work, or when the employee's medical condition becomes permanent and stationary.[3] (85 Cal.App.4th at p. 608.) Temporary disability payments are generally calculated at "two-thirds of the average weekly earnings during the period of such disability." (§ 4653.)

■ The second benefit to which an injured employee may be entitled is permanent disability indemnity if his or her disability reaches permanent and stationary status. Permanent disability indemnity is paid for any residual impairment of earning capacity or normal use of a body member or function, or for any competitive handicap in the open labor market. (*Genlyte Group, LLC v. Workers' Comp. Appeals Bd.* (2008) 158 Cal.App.4th 705, 719 [69 Cal.Rptr.3d 903]; see § 4660.) "An injured employee cannot be temporarily and permanently disabled at the same time; thus, permanent disability payments do not begin until temporary disability payments cease." (*City of Martinez v. Workers' Comp. Appeals Bd., supra,* 85 Cal.App.4th at p. 609.)

■ The third workers' compensation benefit is a special benefit for injured public safety officers. Pursuant to section 4850, eligible public safety officers who become disabled while performing their duties are entitled to a one-year leave of absence without loss of salary "in lieu of temporary disability payments" for up to one year. (*Id.*, subd. (a).)[4] If the disability continues beyond one year, the officer is entitled to an unpaid leave of absence and whatever other benefits that might be available under the workers' compensation law. (*Ritchie v. Workers' Comp. Appeals Bd.* (1994) 24 Cal.App.4th 1174, 1180–1181 [29 Cal.Rptr.2d 722]; see § 4853.)

In 2004, as part of a comprehensive reform of the workers' compensation law, the Legislature enacted a 104-week limit on disability payments for an injury causing temporary disability. (See Stats. 2004, ch. 34, § 29, pp. 196–197.) The law currently (and at the time Knittel was injured)

---

[3] " 'Permanent and stationary status' is the point when the employee has reached maximal medical improvement, meaning his or her condition is well stabilized, and unlikely to change substantially in the next year with or without medical treatment." (Cal. Code Regs., tit. 8, § 9785, subd. (a)(8).)

[4] Section 4850, subdivision (a), provides: "(a) Whenever any person listed in subdivision (b), who is employed on a regular, full-time basis, and is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his or her duties, he or she shall become entitled, regardless of his or her period of service with the city, county, or district, to a leave of absence while so disabled without loss of salary in lieu of temporary disability payments or maintenance allowance payments under Section 139.5, if any, that would be payable under this chapter, for the period of the disability, but not exceeding one year, or until that earlier date as he or she is retired on permanent disability pension, and is actually receiving disability pension payments, or advanced disability pension payments pursuant to Section 4850.3."

provides: "Aggregate disability payments for a single injury occurring on or after January 1, 2008, causing temporary disability shall not extend for more than 104 compensable weeks within a period of five years from the date of injury." (§ 4656, subd. (c)(2).)

The question here is the meaning of "[a]ggregate disability payments." The Labor Code does not define the phrase. The parties agree the phrase encompasses temporary disability indemnity payments. The County argues the phrase also encompasses other disability payments for injuries causing temporary disability, including the salary continuation benefit payable to public safety officers pursuant to section 4850. The County points out our Supreme Court has unambiguously held: "Payments pursuant to section 4850 are not salary but workmen's compensation benefits." (*Boyd v. City of Santa Ana* (1971) 6 Cal.3d 393, 397 [99 Cal.Rptr. 38, 491 P.2d 830]; see *Kosowski v. Workers' Comp. Appeals Bd.* (1985) 170 Cal.App.3d 632, 636–637 [216 Cal.Rptr. 280] [rejecting firefighter's claim that § 4850 payments are special benefits which may not be equated with ordinary workers' compensation disability benefits].)

■ The County's arguments are persuasive. If section 4850 payments are workers' compensation benefits, then they are part of the "aggregate" of disability payments when they are paid for an injury causing temporary disability. "Aggregate" is defined as "[c]onstituting or amounting to a whole; total." (American Heritage Dict. (4th ed. 2000) p. 33.) Knittel received an aggregate of two types of workers' compensation benefits for his temporary disability: section 4850 salary continuation benefits and temporary disability indemnity. Pursuant to section 4656, subdivision (c)(2), Knittel was entitled to a total of 104 weeks of those combined disability benefits, and he received 52 weeks of section 4850 benefits and 52 weeks of temporary disability indemnity.

The reasoning employed by the WCJ to reach the conclusion that section 4850 benefits are not included in aggregate disability payments is unconvincing. First, the WCJ concluded that because section 4850 payments are not temporary disability indemnity, they do not count toward the 104-week limit on aggregate disability payments ("Section 4850 benefits are not the same as temporary disability.").

■ Neither the County nor its supporters contend section 4850 benefits are the same as temporary disability indemnity. Actually, the point is irrelevant (a "red herring" as the County puts it). Section 4656 caps the amount of aggregate disability payments, not the amount of temporary disability indemnity payments. The WCJ in his decision, and Knittel and PORAC in their arguments, effectively substitute "temporary disability indemnity" for "aggregate disability payments" in section 4656. We must assume, however, that the

Legislature's choice of words was not an idle act—that if the Legislature had meant "aggregate disability payments" to mean "temporary disability indemnity," it would have simply used the latter phrase, which has a well-understood, specific meaning in workers' compensation law. (See *Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224] [significance should be given to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose]; see also *Brooks v. Workers' Comp. Appeals Bd.* (2008) 161 Cal.App.4th 1522, 1532 [75 Cal.Rptr.3d 277] (*Brooks*) [the two-year limitation does not restrict itself to temporary disability benefits as it more broadly applies to aggregate disability payments for a single injury].)[5]

Additionally, the WCJ's decision appears to have relied on WCAB decisions that interpreted the version of the 104-week limit on aggregate disability payments enacted in 2004, and now found in subdivision (c)(1) of section 4656. (See *County of Sacramento v. Workers' Comp. Appeals Bd.* (2007) 72 Cal.Comp.Cases 854; *City of Oakland v. Workers' Comp. Appeals Bd.* (2007) 72 Cal.Comp.Cases 249; see also *City and County of San Francisco v. Workers' Comp. Appeals Bd.* (2007) 72 Cal.Comp.Cases 1013.) The original version provided: "Aggregate disability payments for a single injury occurring on or after the effective date of this subdivision, causing temporary disability shall not extend for more than 104 compensable weeks within a period of two years *from the date of commencement of temporary disability payment.*" (§ 4656, former subd. (c)(1); Stats. 2004, ch. 34, § 29, p. 196, italics added.) This version still applies to injuries occurring on or after April 19, 2004, up to the effective date of the current version of the 104-week limit. (§ 4656, subd. (c)(1).)[6]

The current form of the 104-week limit, subdivision (c)(2) of section 4656, was added by the Legislature in 2007. (Stats. 2007, ch. 595, § 1, p. 5265.) Subdivision (c)(2) differs significantly from subdivision (c)(1). For workers injured on or after January 1, 2008, the 104 weeks does not run from a

---

[5] *Brooks* held industrial disability leave paid to state employees under Government Code sections 19869 to 19877.1 counts toward the two-year limit on aggregate disability payments. (*Brooks, supra,* 161 Cal.App.4th at p. 1526.) Similarly, this court held in *Mt. Diablo Unified School Dist. v. Workers' Comp. Appeals Bd.* (2008) 165 Cal.App.4th 1154 [81 Cal.Rptr.3d 597] (*Mt. Diablo*) that payments to injured workers under Education Code section 44043 triggered the 104-week limit on disability benefits. Given the differences in language between those statutes and section 4850 (see *Brooks,* at pp. 1535–1536; *Mt. Diablo,* at p. 1161), *Brooks* and *Mt. Diablo* are not particularly instructive here, but they do illustrate that aggregate disability payments can include benefits other than temporary disability indemnity paid pursuant to sections 4650 to 4664.

[6] Section 4656, subdivision (c)(1), provides: "Aggregate disability payments for a single injury occurring on or after April 19, 2004, causing temporary disability shall not extend for more than 104 compensable weeks within a period of two years from the date of commencement of temporary disability payment."

specific date, nor is the limit triggered by the payment of a specific type of workers' compensation benefit.

Knittel argues the 2007 amendment of section 4656 was not intended to change the WCAB's prior interpretation of the statute. (See *Thornton v. Carlson* (1992) 4 Cal.App.4th 1249, 1256 [6 Cal.Rptr.2d 375] [courts will defer to administrative interpretation of statute where Legislature has acquiesced in interpretation].) Similarly, PORAC argues the amendment was intended to expand the payment of disability benefits, not limit them.

There is no dispute that one purpose of the 2007 legislation was to ameliorate an unintended consequence of the original limit of 104 weeks of payments within two years—it created a disincentive to return to work. (See Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 338 (2007–2008 Reg. Sess.) as amended Sept. 6, 2007, p. 4). But beyond agreeing on that point, the County, Knittel, and PORAC draw different conclusions from the various revisions to the statutory language during the 2007 amendment process and the comments in legislative reports. They have not actually provided this court with any legislative history materials, but more importantly they have not pointed to anything in the legislative history discussing whether section 4850 benefits count toward the 104-week limit, or even more generally discussing the meaning of aggregate disability benefits.

■ Ultimately we agree with the County that the Legislature expressed its intent in the plain language of section 4656, subdivision (c)(2). Given the Legislature's choice of the words "[a]ggregate disability payments," we think it is clear that section 4850 benefits paid for an injury causing temporary disability must count toward the 104-week limit absent a specific exclusion. Our conclusion is bolstered by the fact that when the Legislature added subdivision (c)(2), the case authority holding section 4850 payments are workers' compensation benefits was long standing and well established. (*Boyd v. City of Santa Ana, supra*, 6 Cal.3d at p. 397; *Los Angeles County Prof. Peace Officers' Assn. v. County of Los Angeles* (2004) 115 Cal.App.4th 866, 870 [9 Cal.Rptr.3d 615]; *City of Martinez v. Workers' Comp. Appeals Bd., supra*, 85 Cal.App.4th at p. 614; *State Compensation Ins. Fund v. Workmen's Comp. Appeals Bd.* (1972) 26 Cal.App.3d 200, 203 [103 Cal.Rptr. 29]; cf. *Knopfer v. Flournoy* (1973) 34 Cal.App.3d 318, 320 [109 Cal.Rptr. 892] [payments made to disabled California Highway Patrol officers pursuant to § 4800 is indemnification paid for work-connected disability].)

PORAC nevertheless argues that if any "species" of disability benefit is subject to the 104-week limit, absurd results would follow. As examples, PORAC cites permanent disability indemnity and death benefits (see §§ 4700–4709). Neither of those benefits, however, are paid for a temporary disability.[7] As noted above, permanent disability payments do not begin until temporary disability payments cease. (*City of Martinez v. Workers' Comp. Appeals Bd., supra,* 85 Cal.App.4th at p. 609.) And death benefits are not paid for a temporarily disabling condition.

Knittel and PORAC point to the title of section 4656 as being indicative of the meaning of that section. According to Knittel and PORAC, the title is "Maximum period for temporary disability payments." Where Knittel and PORAC found this title, however, is a mystery. They do not identify their source. The title of section 4656 in West's Annotated California Codes is "Maximum aggregate disability payments and periods." (44E West's Ann. Lab. Code (2011 ed.) § 4656, p. 408.) Similarly, the title in Deering's Annotated California Codes is "Aggregate disability payments for single injury causing temporary disability; Number of compensable weeks." (Deering's Ann. Lab. Code (2006 ed.) § 4656, p. 612.) Of course even if Knittel and PORAC had found their title in the annotated codes, it still would not be persuasive. (See *In re Gina* S. (2005) 133 Cal.App.4th 1074, 1083, fn. 9 [35 Cal.Rptr.3d 277] [unofficial publishers' titles are not significant].)

Finally, both sides in this case have compelling policy arguments. The County and its supporters contend the cost of paying an additional year of temporary disability indemnity to eligible public safety officers could cost public agencies tens of millions of dollars per year. PORAC disputes the County's estimate and notes the Legislature has generally conferred enhanced workers' compensation benefits (e.g., § 4850) on public safety officers for putting themselves in harm's way. PORAC argues limiting benefits to 104 weeks hurts the most severely disabled public safety officers.

It appears the Legislature tried to reach a compromise with subdivision (c)(2) of section 4656—a year of enhanced benefits for public safety officers under section 4850 followed by a year of temporary disability indemnity. To the extent the law is not working or the compromise is unfair, the parties should bring their concerns to the attention of the Legislature.

---

[7] Section 4850 salary continuation benefits can be paid for a permanent disability as well as a temporary disability. Presumably section 4850 benefits received for a permanent disability would not count toward the 104-week limit, but that issue is not raised by this case.

## DISPOSITION

The order of the WCAB denying reconsideration is annulled. The matter is remanded to the WCAB for further proceedings consistent with this opinion. The parties shall bear their own costs.

Ruvolo, P. J., and Rivera, J., concurred.

The petition of respondent Bryan Knittel for review by the Supreme Court was denied May 1, 2013, S209103.