Filed 11/8/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re BABY GIRL R., a Person Coming Under the Juvenile Court Law. | H051362 (Santa Clara County Super. Ct. No. 23JD027536) |
| COUNTY OF SANTA CLARA DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BABY GIRL R.,<br><br>    Appellant. | |

Through counsel, minor child (Baby Girl R.)—abandoned by her mother, S.R., days after her birth—appeals the juvenile court's disposition order granting reunification services. Baby Girl R. contends the court was required to bypass reunification services under Welfare and Institutions Code section[1] 361.5, subdivision (b)(1), because S.R.'s whereabouts were unknown despite diligent efforts to locate her. Respondent County of Santa Clara Department of Family and Children's Services (Department) contends the appeal is moot due to the court's subsequent termination of reunification services, and, even if it were not moot, Baby Girl R. has not established grounds requiring reversal.

Although the appeal is moot, we exercise our discretion to consider the merits. We conclude that where there is clear and convincing evidence that a parent's

---

[1] Unless otherwise specified, all undesignated statutory references are to the Welfare and Institutions Code.

whereabouts are unknown and proof that a reasonably diligent search has failed to locate the parent, the juvenile court has the discretion to bypass reunification services but is not required to do so. Discerning no error, we affirm the juvenile court's disposition order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

S.R. and Baby Girl R. were transported by ambulance to a hospital shortly after S.R. gave birth in a homeless encampment. The identity of Baby Girl R.'s father is unknown. S.R. informed hospital staff she was unaware of her pregnancy and was using methamphetamines daily. Baby Girl R. tested positive for the drug and exhibited withdrawal symptoms. The hospital placed S.R. on an involuntary psychiatric hold as she displayed paranoia, delusions, and aggression. When the hospital discharged S.R. a few days later, she returned to the homeless encampment and left Baby Girl R. at the hospital. The Department initiated dependency proceedings and the court placed Baby Girl R. in protective custody due to S.R.'s inability and failure to care for the child.

Despite diligent search efforts, the Department was unable to locate S.R. after she left the hospital. The Department interviewed several of S.R.'s relatives, including her father, stepmother, sister, brother, and cousin, none of whom had seen S.R. for several years. S.R.'s relatives reported that she had a history of substance abuse and mental health issues.

At the disposition hearing, the Department recommended reunification services since it was S.R.'s first dependency case and S.R. had relatives who wanted her to receive help and who hoped to keep Baby Girl R. connected to the family. Counsel for Baby Girl R. objected, arguing that clear and convincing evidence supported bypassing reunification services under section 361.5 because S.R.'s whereabouts remained unknown despite the Department's diligent search. Counsel for Baby Girl R. expressed concern that, if and when S.R. was located, S.R. could claim that services ordered in her absence were not reasonably tailored to her needs, which could cause further delays in

2

the proceedings. The Department claimed it had sufficient information concerning S.R. to tailor services to address her needs (i.e., substance abuse and mental health issues). The Department informed the court that it would continue to search for S.R. and, if it was determined that additional services were needed, it would seek a modification of the court's order. As to any concern for delay, the Department noted that the relevant statutes required the court to set a six-month review hearing regardless of whether it ordered reunification services.

After the hearing, the juvenile court entered the disposition orders which included findings that "the whereabouts of the parent is unknown and reasonable efforts to locate them have been unsuccessful[,]" declared Baby Girl R. a dependent of the court, placed her in foster care, ordered reunification services for S.R., and set the next hearing for a six-month review.

Counsel for Baby Girl R. filed a timely notice of appeal of the court's disposition order granting reunification services to S.R. While her appeal was pending, the juvenile court terminated reunification services for S.R. at the six-month review hearing, placed Baby Girl R. with her maternal grandparents, and set the case for a section 366.26 hearing.[2]

## II. DISCUSSION

### A. *Mootness*

Before addressing the merits of Baby Girl R.'s appeal, we first respond to the Department's contention that the appeal is moot because subsequent to the reunification order before us, the juvenile court terminated reunification services for S.R. and ordered

---

[2] We grant the Department's motion to augment the record to include the post-appeal order. (*In re Damian L.* (2023) 90 Cal.App.5th 357, 369 (*Damian L.*) [granting augmentation for the limited purpose of determining mootness]; see also *In re D.P.* (2023) 14 Cal.5th 266, 287 (*D.P.*), citing *In re Salvador M.* (2005) 133 Cal.App.4th 1415, 1421 [record augmented with additional report because the report related to mootness].)

Baby Girl R. placed with her grandparents. An appeal is moot when it no longer presents a justiciable controversy due to post-appeal events, and the appellate court is unable to grant effective relief. (*In re Christina A.* (2001) 91 Cal.App.4th 1153, 1158.) We agree that the matter here has been rendered moot due to the post-appeal termination of S.R.'s reunification services. However, "[e]ven when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P.*, *supra*,14 Cal.5th at p. 282.) "A reviewing court must decide on a case-by-case basis whether it is appropriate to exercise discretionary review to reach the merits of a moot appeal," (*id.* at p. 287) such as whether the case presents an issue of broad public interest that is likely to recur. (*Id.* at p. 282.)

Here, the fundamental issue on appeal is whether the juvenile court was required, as a matter of law, to bypass reunification services under section 361.5, subdivision (b)(1), when clear and convincing evidence established S.R.'s whereabouts to be unknown despite the Department's diligent search. Baby Girl R. contends that it is, the Department contends it is not. Neither party cited a published opinion addressing this issue, and our research has disclosed none. This is an important question of statutory interpretation concerning the juvenile court's authority to order reunification services when a parent's whereabouts are unknown after a diligent search, and is likely to recur in other cases. We thus exercise our discretion to reach the merits of this appeal. (See *Damian L.*, *supra*, 90 Cal.App.5th at p. 370 [addressing merits of moot appeal when issues involve statutory interpretation].)[3]

### B.    Section 361.5, Subdivision (b)(1) Bypass Provision is Not Mandatory

We commence with a review of the reunification statutes.

---

[3] Because we decide the case on the merits, we do not address Baby Girl R.'s argument that the appeal should be considered because its mootness was caused by the Department's three-month delay in filing its responding brief.

When the juvenile court removes a child, the court must order family reunification services for the parent and child unless a statutory exception applies. (§ 361.5, subd. (a).)[4] Reunification services are generally limited to a period of six months from the disposition hearing but no longer than twelve months from the date the child entered foster care for a child under the age of three. (§ 361.5, subd. (a)(1)(B).) After the disposition hearing, the court must conduct a six-month status review hearing and ongoing periodic review hearings. (§ 366.21, subd. (e)(1); see also § 366, subd. (a)(1).)

However, section 361.5, subdivision (b), identifies 17 circumstances (commonly referred to as the "bypass provisions") in which the court "need not" order reunification services. (§ 361.5, subd. (b)(1)-(17); *In re I.A.* (2019) 40 Cal.App.5th 19, 23.) At the disposition hearing, the juvenile court may deny or "bypass" family reunification services if any one of the 17 bypass provisions listed in section 361.5, subdivision (b), is established by clear and convincing evidence. (§ 361.5, subd. (b)(1)-(17).) Section 361.5, subdivision (c), further specifies that absent specific findings, the denial of reunification services is mandatory with respect to the majority of the 17 bypass provisions identified in subdivision (b).

Relevant to this appeal, section 361.5, subdivision (b)(1), provides that "[r]eunification services need not be provided to a parent . . . when the court finds, by clear and convincing evidence . . . [¶] (1) That the whereabouts of the parent or guardian are unknown. A finding pursuant to this paragraph shall be supported by an affidavit or by proof that a reasonably diligent search has failed to locate the parent or guardian. The posting or publication of notices is not required in that search." If reunification services are not ordered under this provision, the juvenile court must set a six-month review hearing. (§§ 361.5, subd. (d), 366, subd. (a)(1).) Parents whose whereabouts become known within the six-month time period are entitled to reunification services whereas

_____

[4] Section 361.5, subdivision (a), was amended in 2024, but the amendment does not impact our analysis.

5

parents located after the six-month time period are not.  (§ 361.5, subd. (d); *In re Korbin Z.* (2016) 3 Cal.App.5th 511, 518.)

Here, the juvenile court made express findings that S.R.'s whereabouts were unknown despite the Department's diligent efforts to locate her.  As a result, Baby Girl R. asserts that "the juvenile court essentially ha[d] no choice but to bypass services" under section 361.5, subdivision (b)(1).  The Department contends, based on the plain language of the statute that the court had the discretionary authority to bypass reunification services in these circumstances.

Whether section 361.5, subdivision (b)(1) required the juvenile court to bypass reunification services is a question of statutory interpretation.  We review de novo the interpretation and proper application of dependency statutes.  (*Damian L.*, *supra*, 90 Cal.App.5th at p. 372.)  " ' "Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose.  [Citation.]  We consider first the words of a statute, as the most reliable indicator of legislative intent.  [Citation.]" [Citation.]  We construe the statute's words in context, and harmonize statutory provisions to avoid absurd results.'  [Citation.]"  (*Ibid*.)

We observe that appellate courts discussing the bypass provisions generally have stated that "denial of reunification services is mandatory, not discretionary, with respect to nearly all of the bypass provisions. . . ."  (*In re A.E.* (2019) 38 Cal.App.5th 1124, 1141, italics omitted; *In re Christopher L.* (2020) 56 Cal.App.5th 1172, 1189.)  Additionally, former versions of California Rules of Court, rule[5] 5.695, which regulated the application of section 361.5, contained language suggesting that juvenile courts could not order reunification services if the whereabouts of the parents were unknown despite a diligent search.  (See former rule 1456(f)(7)[6] ["the court shall not order reunification services" in such circumstances]; former rule 5.695(h)(9) [amended language to state "the court may

---

[5] All further rule references are to the California Rules of Court.
[6] Rule 1456 was renumbered rule 5.695 and amended, effective Jan. 1, 2007.

6

not order reunification services"].) Effective 2017, this language has been removed altogether and is not reflected in the current version of the rule. (Rule 5.695(f).) The broad language in the bypass provision opinions, coupled with the various amendments to rule 5.695, appear to have created some confusion regarding the juvenile court's authority to order reunification services when a parent cannot presently be located.

However, applying the well-established principles of statutory construction applicable to the dependency statutes as described in *Damian L.*, we construe the language of section 361.5, subdivision (b)(1), to grant the juvenile court discretion to grant or deny reunification services on clear and convincing evidence that a parent cannot be located after a diligent search.

Contrary to the language of former rule 5.695, at no time since its enactment in 1986 has section 361.5, subdivision (b)(1), directed the juvenile court that it "may not" or "shall not" order reunification services to a parent who cannot presently be located. (Stats. 1986, ch. 1122, § 13, pp. 3972, 3984-3985.) Section 361.5, subdivision (b)(1), has consistently stated that, in such circumstances, the court "need not" order reunification services. The Legislature expressed its clear intent in the plain language of the statute to defer the question of whether reunification services should be provided to the juvenile court by choosing the phrase "need not" provide reunification services, as opposed to "shall not" provide such services in section 361.5, subdivision (b)(1). "The word 'shall,' when used in a statute, is ordinarily construed as mandatory or directory, as opposed to permissive. . . ." (*Judith P. v. Superior Court* (2002) 102 Cal.App.4th 535, 551.)

A comparison of section 361.5, subdivision (b)(1) with section 361.5, subdivision (c), provides further evidence of legislative intent here, as the Legislature chose to employ the directory phrases "shall" and "shall not" in later sections of the same statute. Specifically, in the subdivision immediately following section 361.5, subdivision (b)(1), the Legislature identified other circumstances when reunification services "shall" or "shall not" be bypassed, none of which apply to a parent who cannot be located under

7

section 361.5, subdivision (b)(1). Section 361.5, subdivisions (c)(2) and (c)(3), state that "[t]he court *shall not* order reunification" for any parent defined under subdivisions (b)(3) through (17) unless other countervailing evidence is established. (*Id.*, italics added.) Subdivision (b)(1) is not included in subdivisions (c)(2) and (3), from which we conclude that the Legislature did not intend to make the denial of reunification services mandatory for parents whose location are unknown.

"We must assume . . . that the Legislature's choice of words was not an idle act . . . ." (*County of Alameda v. Workers' Comp. Appeals Bd.* (*Knittel*) (2013) 213 Cal.App.4th 278, 284-285.) Had the Legislature intended to make bypass of reunification services mandatory when the parents' whereabouts are unknown, it would have simply employed the phrases "shall' and "shall not" under section 361.5, subdivision (b)(1), as it did elsewhere in the statue. That the Legislature did not do so demonstrates its intent to vest the juvenile courts with discretion to grant or bypass reunification services in that specific circumstance. (See, e.g., *In re J.M.* (2020) 44 Cal.App.5th 707, 715-716 [different choice of words within the same statute illustrates Legislative intent].)

We therefore conclude that, subject to the juvenile court's finding that the requirements under section 361.5, subdivision (b)(1), were met, Baby Girl R. was not entitled to an automatic bypass of reunification services for S.R. as a matter of law. Under the statute, the decision to grant or deny reunification services remained within the juvenile court's discretion.

### C.     The Juvenile Court Did Not Err in Ordering Reunification Services for S.R.

We next consider whether the juvenile court erred when it ordered reunification services for S.R. Baby Girl R. contends the order was "not a wise exercise of [the court's] discretion."

Appellate courts disagree on the appropriate standard of review applicable to appeals considering the bypass provisions under section 361.5. Some cases have applied

8

an abuse of discretion standard (*In re Baby Boy H.* (1998) 63 Cal.App.4th 470), while others employ a substantial evidence standard (*Jennifer S. v. Superior Court* (2017) 15 Cal.App.5th 1113, 1121; *In re Harmony B.* (2005) 125 Cal.App.4th 831, 839).[7]

Baby Girl R. has not shown that the juvenile court erred in exercising its discretion to order reunification services, whether under the substantial evidence or abuse of discretion standard. The evidence established that S.R.'s substance abuse and mental health issues led to the removal of Baby Girl R. from her care. The Department informed the court it was able to create a case plan to address these issues for S.R., despite her absence from the proceedings. The Department was in contact with S.R.'s family members who wanted S.R. to receive reunification services and who wanted Baby Girl R. to stay within the family. The Department continued to actively search for S.R., which meant that if she was found before the six-month review hearing, services could commence immediately for S.R. without further delay. Accordingly, the court's order is supported by substantial evidence; nor has Baby Girl R. shown the juvenile court's order to be arbitrary, capricious or whimsical. (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957; *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.)[8]

---

[7] Citing *In re I.W.* (2009) 180 Cal.App.4th 1517 (*I.W.*), overruled in part on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7 (*O.B.*), Baby Girl R. argues that "where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law." (*I.W.*, at p. 1528.) This standard applies when the trier of fact finds that the party with the burden of proof did not carry her burden and that party appeals. (*Ibid.*) Here, as the party seeking bypass, Baby Girl R. had the burden proof. (§ 361.5, subd. (b); *In re Angelique C.* (2003) 113 Cal.App.4th 509, 521, overruled in part on another ground in *O.B.*, at p. 1010, fn. 7; see Evid. Code, § 500.) The court found, by clear and convincing evidence, that S.R.'s whereabouts were unknown despite the Department's reasonable efforts to locate her, satisfying Baby Girl R.'s burden of proof. But as discussed, *infra*, the juvenile court, despite that finding, was not required to bypass reunification services as a matter of law.

[8] Based on our conclusion, we do not reach the Department's argument that if the juvenile court erred, such error was harmless.

### III.  DISPOSITION

The August 30, 2023 disposition order granting family reunification services to S.R. is affirmed.

_____
Greenwood, P. J.


WE CONCUR:



_____
Bamattre-Manoukian, J.




_____
Wilson, J.




H051362
Santa Clara County Dept. of Family & Children's Services
v. Baby Girl R.

Trial Court:                                    Santa Clara County Superior Court
                                                Superior Court No.: 23JD027536

Trial Judges:                                   The Honorable Rafael A. Sivilla-Jones


Attorney for Appellant
Baby Girl R.:                                   Leslie A. Barry
                                                under appointment by the Court of
                                                Appeal for Appellant


Attorneys for Plaintiff and Respondent          Tony LoPresti,
County of Santa Clara                           County Counsel
Department of Family
and Children's Services:                        Kavita Narayan,
                                                Chief Assistant County Counsel

                                                Laura E. Underwood,
                                                Deputy County Counsel

H051362
Santa Clara County Dept. of Family & Children's Services
v. Baby Girl R.