[No. B175993. Second Dist., Div. Six. Apr. 18, 2005.]

CALIFORNIA INSURANCE GUARANTEE ASSOCIATION, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and ARGONAUT INSURANCE COMPANY, Respondents.

COUNSEL

Guilford Steiner Sarvas & Carbonara and Richard E. Guilford for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Law Offices of Matthew R. Sassano and Brian D. Fleischer for Respondent Argonaut Insurance Company.

## Opinion

**PERREN, J.**—In *California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2005) 128 Cal.App.4th 307 [26 Cal.Rptr.3d 845] (*Weitzman*), we held that a workers' compensation insurance carrier does not have a "covered claim" against the California Insurance Guarantee Association (CIGA) because, inter alia, it is an obligation to an insurer and because it is a claim for "contribution, indemnity, or subrogation." (Ins. Code, § 1063.1, subd. (c)(5).[1]) Unlike *Weitzman*, the claim in the instant matter is not characterized as "joint and several." It is agreed by the parties that the injuries for which compensation benefits were paid were separate and discrete. We conclude that this distinction is of no legal significance and that the Workers' Compensation Appeals Board (WCAB) erred when it directed CIGA to reimburse Argonaut Insurance Company (Argonaut), a solvent insurance carrier. Accordingly, the order of the WCAB is annulled. We remand with instructions.

### FACTS

The facts are undisputed. Rockney Hooten filed four claims for injuries sustained while working for a single employer. The first claim alleged a specific injury to Hooten's left shoulder on December 8, 1994. At that time, Hooten's employer was insured by Superior Pacific Casualty Company. The second claim alleged a specific injury to Hooten's neck and shoulders on August 27, 1997. At that time, the employer was insured by Argonaut. The third claim alleged a cumulative trauma injury to Hooten's neck, shoulders, back, and arms from approximately 1967 through 1997. Argonaut insured Hooten's employer for the period June 1997 through September 3, 1997. The fourth claim alleged a cumulative trauma injury to Hooten's neck, shoulders, back, and arms from September 8, 1998, through March 17, 1999. During this time, Hooten's employer was insured by Wausau Insurance Company.

On June 14, 2000, Hooten entered into a compromise and release (C&R) settling all four claims with all the insurers. The C&R contains the following language: "Defendant Argonaut reserves all rights of contribution and/or reimbursement against Superior Pacific. The amount payable by Argonaut herein is not an admission as to the extent of liability of Argonaut toward this settlement for benefits paid."

On September 26, 2000, Superior Pacific was ordered liquidated and CIGA assumed liability for Superior's "covered claims" pursuant to section 1063.1.

On September 23, 2003, Argonaut filed a petition for reimbursement, seeking $92,903.97 from Superior Pacific/CIGA for indemnity and medical

[1] All statutory references are to the Insurance Code.

benefits paid to Hooten, based on a medical report apportioning 90 percent of Hooten's disability to the 1994 specific injury and 10 percent to the 1997 specific injury. Argonaut relied on the WCAB's in bank opinion in *Gomez v. Casa Sandoval* (2003) 68 Cal.Comp.Cases 753 (*Gomez*). CIGA argued, inter alia, that it had no liability pursuant to section 1063.1, subdivision (c)(5) and (9).[2]

The workers' compensation judge (WCJ) issued joint findings and order, granting Argonaut's petition for reimbursement. CIGA filed a petition for reconsideration and Argonaut filed an answer. In his report and recommendation to deny reconsideration, the WCJ relied on the *Gomez* opinion, reasoning:

"As the liability of Argonaut and CIGA is *not* joint and several in these successive injuries cases, pursuant to *Gomez* . . . , the reimbursement claim of Argonaut is considered a 'covered claim' because there is not 'other insurance' available for the specific portion of liability which may be attributable to the Superior/CIGA injury . . . .

"CIGA's reliance on Ins. C. § 1063.1(c)(5) is not directly on point. That section, as well as the cases cited by CIGA in its Petition, appear to be predicated on a claim for 'contribution, indemnity and subrogation' by a solvent insurance carrier against CIGA in a single case, arising out of a single incident or occurrence. That is not the case presented here, nor was it the case in *Gomez*. This scenario involves separate injuries, with separate insurance carriers on the risk for each injury.

"Ins. C. § 1063.1(c)(9)(ii) also would not appear to be applicable to the case herein. That section refers to 'any claim made by a *person* . . .' (italics added) and makes no reference to any type of entity other than a 'person.' "

The WCAB denied the petition, adopting the report on reconsideration as its own without further comment.

CIGA petitioned this court for a writ of review on the ground that the reimbursement ordered by the WCAB is precluded by section 1063.1, subdivision (c)(5) and (9)(ii).[3] We originally denied the petition on

---

[2] CIGA also argued that the WCAB had no jurisdiction to issue an award against it because it was not properly joined as a party defendant and that the statute of limitations barred the claim. CIGA did not pursue these arguments on appeal.

[3] CIGA's petition for review to this court included an argument that the WCAB lacked jurisdiction over disputes involving reimbursement claims against it by other insurers. This argument was not in CIGA's petition to the Supreme Court and we consider the issue abandoned.

August 17, 2004. The Supreme Court granted CIGA's ensuing petition for review and transferred the matter to us with directions to vacate our order and issue a writ of review.

## DISCUSSION

For the reasons stated in our opinion in *Weitzman, supra,* 128 Cal.App.4th 307, CIGA is not responsible for Argonaut's reimbursement claim because the claim is excluded by section 1063.1, subdivision (c)(5) and (9)(ii).

Section 1063.1, subdivision (c)(5) states: " 'Covered claims' does not include any obligations to insurers, insurance pools, or underwriting associations, nor their claims for contribution, indemnity, or subrogation, equitable or otherwise, except as otherwise provided in this chapter."

Section 1063.1, subdivision (c)(9)(ii) states: " 'Covered claims' does not include . . . any claim by any person other than the original claimant under the insurance policy in his or her own name . . . and does not include any claim asserted by an assignee or one claiming by right of subrogation, except as otherwise provided in this chapter."

Argonaut's claim is an "obligation[] to [an] insurer[]," Argonaut is not the "original claimant under the insurance policy," and the two provisions expressly exclude "claims for contribution, indemnity, or subrogation, equitable or otherwise" and "one claiming by right of subrogation."

We are not persuaded by Argonaut's contention that section 1063.1, subdivision (c)(5) and (9)(ii) does not apply because there is no joint and several liability where there are separate, successive injuries covered by different insurers, and thus, its claim for reimbursement is not a claim for "contribution, indemnity, or subrogation." Neither of these provisions, nor any other provision of the statutes governing CIGA, contains any language indicating the Legislature intended to treat joint and several claims by insurers differently than other claims. To the contrary, subdivision (c)(5) excludes not only claims for contribution, indemnity, or subrogation but also "any obligations to insurers." (See *Burnsed v. State Bd. of Control* (1987) 189 Cal.App.3d 213, 217 [234 Cal.Rptr. 316] ["From the earliest days of statehood the courts have interpreted 'any' to be broad, general, and all embracing"].)

The WCJ's interpretation of section 1063.1, subdivision (c)(5) as applying only to "a single case, arising out of a single incident or occurrence" is faulty for the same reason—there is no language in the statute indicating the Legislature

intended to narrow the scope of the exclusion in this manner. (See, e.g., *Napa Valley Wine Train, Inc. v. Public Utilities Com.* (1990) 50 Cal.3d 370, 381 [267 Cal.Rptr. 569, 787 P.2d 976] [in construing statutory provisions, "a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language"].)

The WCAB's narrow construction of "person" in subdivision (c)(9)(ii) as limited to human beings also is faulty. " 'Person' means any person, association, organization, partnership, business trust, limited liability company, or corporation." (§ 19.)

Section 1063.1, subdivision (c)(5) and (9)(ii) bars Argonaut's reimbursement claim. The WCAB's order is annulled. We remand with instructions to respondent WCAB to vacate its order and issue a new order denying Argonaut's reimbursement claim.

Gilbert, P. J., and Coffee, J., concurred.

The petition of respondent Argonaut Insurance Company for review by the Supreme Court was denied July 27, 2005.