Filed 1/5/22 Certified for Publication 1/28/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

----

| | |
|---|---|
| CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION BENEFIT TRUST FUND et al., <br><br> Petitioners, <br><br> v. <br><br> WORKERS' COMPENSATION APPEALS BOARD et al., <br><br> Respondents. | C093293 <br><br> (WCAB Nos. ADJ9260421,ADJ8750255) |

Petitioner California Correctional Peace Officers Association Benefit Trust Fund (CCPOA) paid money pursuant to its disability policy to real party in interest David Martin Jr., a CCPOA member, after he filed a workers' compensation claim for injuries sustained while working as a correctional officer. CCPOA subsequently filed a lien against the prospective workers' compensation award for the sum it paid. It was represented in the workers' compensation proceedings by petitioner Dan Escamilla, a

non-attorney appearing pursuant to Labor Code section 5700.[1]  After Martin's attorney petitioned for costs and sanctions against CCPOA and Escamilla for alleged misbehavior during proceedings on Martin's claim, CCPOA withdrew the lien.  Escamilla then failed to appear at four subsequent hearings on the petition for costs and sanctions.  While respondent, Workers' Compensation Appeals Board (WCAB), ultimately affirmed the denial of costs and sanctions, it affirmed an award of $3,280 in attorney fees against CCPOA and Escamilla for the failure to appear at the four hearings.

Petitioners filed a petition for writ of review, asserting the failure to notify them that a hearing held subsequent to the COVID-19 pandemic was to be held telephonically was a deprivation of due process, failure to appear following the withdrawal of the lien was not sanctionable bad faith, and attorney fees are not permitted for an attorney expending time litigating on his or her own behalf.

We find there was adequate notice of the one hearing in question, withdrawal of the lien did not deprive WCAB of jurisdiction to determine the petition for costs and sanctions, and the contention regarding attorney fees for work on behalf of the attorney is not properly before us, as it was determined by WCAB in a previous proceeding.  We shall affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2013, Martin filed a workers' compensation claim for injuries sustained while working as a correctional officer at Corcoran State Prison.

On May 16, 2014, petitioner CCPOA, acting through petitioner Escamilla, filed a notice and request for allowance of lien, seeking $44,120.60 in reimbursement of duplicate benefits paid by the CCPOA benefit trust fund to Martin.

---

[1]  Undesignated statutory references are to the Labor Code.  Section 5700 states in pertinent part:  "Either party may be present at any hearing, in person, by attorney, or by any other agent, and may present testimony pertinent under the pleadings."

On March 11, 2016, petitioners filed a petition for costs and unreasonable delay penalties against Martin and his attorney.

Martin, through counsel, filed a cross-petition for penalties against CCPOA pursuant to sections 5813 and 5814 on February 26, 2018. The petition alleged the lien was frivolous, and that CCPOA and Escamilla tried to mislead the court by misconstruing or omitting relevant decisions, and Escamilla used bad faith actions and tactics against Martin's counsel.

On May 31, 2018, the trial on Martin's claim and the claims for sanctions by petitioners and Martin was continued to September 10, 2018. On July 19, 2018, Escamilla sent a letter to the Worker's Compensation Administrative Law Judge (WCJ) regarding briefing in which he indicated petitioners had received notice of the September 10, 2018 trial date.

CCPOA withdrew the lien on July 31, 2018.

Martin's workers' compensation claim was settled at the September 10, 2018 trial. The cross-petitions for sanctions between CCPOA and Martin were deferred to a status conference set for October 3, 2018, because Escamilla did not appear at the September 10 trial. While it appears the worker's compensation court did not notify petitioners of the hearing, Martin's counsel sent a letter to Escamilla on September 19, 2018, notifying him and CCPOA of the October 3, 2018 hearing.

Escamilla did not appear at the October 3, 2018 hearing. The matter was continued to November 7, 2018. CCPOA was ordered to show cause at the next hearing why sanctions should not be imposed. CCPOA and Escamilla were notified of the continued hearing. On November 6, 2018, Escamilla sent a letter to the WCJ acknowledging receipt of the notice and claiming he and CCPOA were not obligated to attend any hearings on the matter after CCPOA withdrew its lien on July 31, 3018.

When Escamilla failed to appear at the November 7, 2018 hearing, the matter was continued to December 12, 2018. Martin's counsel spoke to a member of Escamilla's

office on November 1, 2018, requesting confirmation that petitioners would appear at the December 12 hearing; the representative replied, "All I can say is that we are no longer a participant in this case." Martin's counsel also left a message for Escamilla reiterating that petitioners were ordered to appear at the hearing. Martin's counsel sent a letter to Escamilla on November 2, 2018, in which he informed Escamilla that Martin would seek additional fees for each hearing Escamilla did not attend. Enclosed with the letter were the minutes of the last two hearings as well as counsel's communication with Escamilla's office concerning the issues.

On November 6, 2018, Escamilla sent a letter to the WCJ reiterating his position that the dismissal of the lien meant that he and CCPOA no longer had to appear at any hearings on the matter.

Petitioners did not appear at the November 7, 2018 hearing. The minutes for the hearing note Martin's attorney: "has petition for 5813 penalties against CCPOA & their Attys, case in chief is resolved, MSC is set and CCPOA/Attys shall appear, unless penalty issue is resolved prior to MSC, joint letter to that effect will result in OTOC." A mandatory settlement conference was set for December 12, 2018.

On November 13, 2018, Martin's attorney served petitioners with the minutes of the November 7 hearing and with the notice of the December 12 mandatory settlement conference. The notices were attached to a letter from counsel, in which he requested Escamilla to appear at the hearing or settle the sanctions issue with counsel.

Escamilla did not appear at the December 2018 hearing. The WCJ excused the State Compensation Insurance Fund from future appearances and set trial for February 7, 2019.

On January 23, 2019, Escamilla sent another letter to the WCJ in which he acknowledged receiving a telephone message from Martin's counsel informing him that the trial on the sanctions claim against him and CCPOA was moving forward. Escamilla told the court that none of the persons against whom Martin was seeking sanctions was a

4

party to the action due to the lien being withdrawn by CCPOA. According to Escamilla, this gave him a good faith belief that no further appearances were required of him, and therefore he would no longer appear in the matter. Escamilla told the judge he would make a special personal appearance to argue the jurisdictional issue but for the costs of traveling from his home in Orange County to the court's Fresno location and his fees to CCPOA for travel time and the appearance. Escamilla added that he was returning a compact disk sent to him by Martin's counsel, and that he would like to advise Martin's attorney to withdraw the request for sanctions, as there was no probable cause for moving forward with the trial on the matter.

On January 31, 2019, the WCJ found the arguments raised in Escamilla's January 23 letter moot and ordered the trial to go forward. The order was served on CCPOA and Escamilla's office.

Petitioners were allowed to specially appear by telephone at the February 7, 2019 trial. Trial was continued to April 22, 2019. The minutes note CCPOA objected on jurisdictional grounds, which was to be addressed at the continued trial.

On February 8, 2019, petitioners, specially appearing, filed a petition for removal of the February 7 minute order, asserting the workers' compensation court system was without jurisdiction over petitioners once the lien was withdrawn. The WCAB denied removal.

The April 22, 2019 hearing was continued twice to June 3, 2019, and then to September 5, 2019. At the June 3 hearing, the issues were identified as: "(1) Attorney fees. [¶] (2) Applicant's Petition for Penalties, Sanctions, Costs and Attorney Fees against CCPOA Benefits Trust Fund, Legal Service Bureau, and Dan Escamilla."

Escamilla specially appeared at the September 9, 2019 hearing. Escamilla reviewed the evidence submitted by Martin's counsel and sought judicial notice of legislative history and a WCJ's findings in another case. The WCJ submitted the matter on the record.

5

The WCJ denied Martin's requests for costs and fees for events up to the lien's withdrawal but awarded $3,280 in attorney fees to Martin's counsel (8.2 hours at $400 per hour) for work caused by Escamilla's failure to appear at hearings after the lien was withdrawn. The WCJ found Escamilla's position that the worker's compensation court lost jurisdiction over the request for costs and fees against petitioners was incorrect, and Escamilla's subsequent failure to attend hearings based on this position showed contempt for the court and caused Martin's attorney to incur expenses for the preparation and appearances at the hearings. The WCJ also ordered petitioners to appear on notice for a hearing to show good cause as to why sanctions should not be ordered against them for the failure to appear at the hearings.

Petitioners filed two petitions for reconsideration and removal. On January 27, 2020, the WCAB granted reconsideration and removal, amended the workers' compensation court's order to defer the attorney fees award pending service of a notice of intention and hearing on judgment pursuant to California Code of Regulations, title 8, former section 10561 (now section 10421)[2], and otherwise affirmed. Petitioners did not file a writ of review from this proceeding. Among the WCAB's findings was that withdrawal of the lien did not deprive the WCJ of jurisdiction to determine whether sanctions should be imposed for Escamilla's actions during the pendency of the lien, and he therefore was not excused from appearing at proceedings on the sanctions issue held after the lien was withdrawn.

---

[2] "On its own motion or upon the filing of a petition pursuant to rule 10510, the Workers' Compensation Appeals Board may order payment of reasonable expenses, including attorney's fees and costs and, in addition, sanctions as provided in Labor Code section 5813. Before issuing such an order, the alleged offending party or attorney must be given notice and an opportunity to be heard." (Cal. Code Regs., tit. 8, § 10421, subd. (a).)

On remand, the WCJ issued a joint notice of intention to award costs and sanctions on January 30, 2020. After several continuances were granted at Escamilla's request, the matter was set for trial on June 22, 2020. Escamilla did not appear. On August 21, 2020, the WCJ issued an order of sanctions and attorney fees of $3,280 in attorney fees and $3,750 in sanctions stemming from Escamilla's failure to appear at hearings on September 10, October 3, November 6, and December 12, 2018, and on June 22, 2020.

Petitioners filed a petition for reconsideration on September 15, 2020. Among the arguments raised was that due to the lien's withdrawal, the WCJ no longer had jurisdiction over petitioners when Escamilla failed to appear at the hearings in question.

The WCAB affirmed the award of sanctions and attorney fees in a November 16, 2020 decision. Petitioner's writ seeks review of this decision.

## DISCUSSION[3]

### I

### *Notice*

Petitioners contend they were not given sufficient notice that the June 22, 2020 hearing was to be attended telephonically. According to petitioners, Escamilla believed at the time that the place where the hearing was to be held, the Fresno District Office of the WCAB, would remain closed due to the COVID-19 pandemic. Petitioners claim Escamilla was never given notice the hearing would be held telephonically, depriving them of their right to a fair hearing and fair notice of the hearing.

The WCAB addressed this claim as follows:

---

[3] We reject Martin's claim that the matter is not properly before us because no substitution of counsel or notice of representation was filed with this court or any other party notifying them that the attorney who filed the petition, Nhung Nguyen, was now representing petitioners. Nguyen appears as counsel of record in our internal records, and both real parties in interest had notice of the petition and were able to respond to it. Since no one was prejudiced by the alleged failure, we shall not employ the drastic sanction of dismissing the petition.

7

"We disagree that petitioners were denied due process. There can be no dispute that petitioners received notice of the June 22, 2020 trial, and petitioners essentially admit that they knew that appearances were being made, and hearings held telephonically. More significantly, all members of the workers' compensation legal community received published notice of changes in the method of appearance at workers' compensation trials—changes that were made to enable parties to receive due process despite the current Covid-19 pandemic. As pointed out by the WCJ:

"[']The AT&T phone lines were not yet established (I believe), nor published as of April 10, 2020, when the Notice was issued. Nevertheless, somehow, every other single participant, for every other hearing, was able to locate the number through the DIR Newsline releases, the DIR website, calling any WCAB office, or lastly, contacting the actual WCAB office where the trial was scheduled. The trial date was known. The subject matter was known. Petitioner's risk was known. One would think a simple inquiry would certainly have been prudent, given the risk at hand.

"[']For the argument to even be considered (but not followed), the petitioner would have had to think: "I know there are no in-person appearances. I know the Judge has ordered me to attend the trial. I know there are several thousand dollars at risk. I cannot conceive of any way to possibly contact the WCAB to get clarification. [Court Call was still in effect—or had only very recently been discontinued as of April 10, 2020—to be superseded by the WCJs' individually assigned AT&T conference lines.] I guess I will just ignore the Notice of Hearing, and the Judge's Order to Appear.' How the petitioner actually believes this would be considered a valid excuse not to appear strains the imagination."

Although there is no record of the actual notice of the June 22, 2020 hearing given to the parties, petitioners do not claim that no notice was given, claiming instead there was only no notice that the hearing would be telephonic rather than suspended due to the COVID-19 pandemic. Both the WCJ and the WCAB found that all members of the

8

workers' compensation legal community[4] received notice that hearings would be held telephonically due to the COVID-19 pandemic, and that representatives should have, and, with the exception of Escamilla, did in fact determine how to attend hearing telephonically.[5]

"The WCAB's factual findings and conclusions, including findings of ultimate fact, are conclusive and final and not subject to review.  [Citation.]  '[T]he WCJ and the [WCAB] are the sole judges of credibility [citation]; and on issues relating to factual findings, our review is limited to a search of the record for substantial evidence in support of the findings.'  [Citation.]"  (*Pettigrew v. Workers' Comp. Appeals Bd.* (2006)

---

[4]  This implicitly includes non-attorney workers' compensation representatives like CCPOA's representative, Escamilla.

[5]  On our own motion, we take judicial notice of the April 28, 2020 news release from the Department of Industrial Relations, which states in pertinent part:

"Hearing Procedures Starting May 4 DWC will continue to hear all mandatory settlement conferences, priority conferences, status conferences and expedited hearings telephonically via the individually assigned judges' conference lines as announced in DWC's Newsline issued on April 3.

"Beginning May 4, DWC will hear all case-in-chief trials via the individually assigned judges' conference lines.

"All parties should call the conference line for the judge in front of whom the case is set, at the designated time listed on the hearing notice.  When prompted, the parties should enter the access code assigned to that line.  DWC staff will instruct participants as to the procedure to follow during the call.

"All lien trials and lien conferences will be continued during this time. District offices will not hold in-person hearings.  DWC will not accept walk-through documents, walk-in filings, or in-person requests."  (Dept. of Industrial Relations, Newsline, *DWC and WCAB Expand Hearing Schedule at the District Offices* (Apr. 28, 2020) <https://www.dir.ca.gov/DIRNews/2020/2020-37.html> [as of Jan. 3, 2022], archived at <https://perma.cc/7VZT-MV2E>.)

143 Cal.App.4th 397, 404.)  We accordingly accept the WCAB's and WCJ's findings that Escamilla was notified that hearings were being held telephonically.

" 'Engrained in our concept of due process is the requirement of notice.  Notice is sometimes essential so that the citizen has the chance to defend charges.  Notice is required before property interests are disturbed, before assessments are made, before penalties are assessed." (*Lambert v. California* (1957) 355 U.S. 225, 228 [2 L.Ed.2d 228, 231].)  Notice is not bound by inflexible rules and may reasonably vary according to the circumstances.  "[D]ue process does not require any particular form of notice.  [Citations.]  All that is required is that the notice be reasonable.  [Citations.]" (*Pacific Gas & Electric Co. v. Public Utilities Com.* (2015) 237 Cal.App.4th 812, 860.)

Such is the case here.  Neither the Department of Industrial Relations nor the workers' compensation  court were required to notify Escamilla or CCPOA that this particular hearing was to be held telephonically.  In light of the considerable pressures placed on courts and administrative bodies caused by the COVID-19 pandemic, the general notice that hearings would be held telephonically was sufficient to place petitioners on notice that the June 22, 2020 hearing would be held in this manner, and that they had a duty to determine how to make this appearance.  Due process requires no more, and we reject petitioners' claim to the contrary.

## II

### *Lien Withdrawal and Non-appearance*

Petitioners' next claim it was error to sanction them for Escamilla's failure to attend the hearings held after the lien was withdrawn, as the withdrawal dismissed CCPOA from the action, ending the workers' compensation court's in rem jurisdiction.

Real party in party interest Department of Industrial Relations asserts this contention is not properly before us because petitioners presented this claim to the WCAB in their first petition for reconsideration, and never sought writ review of the WCAB's January 20, 2020 decision rejecting the claim.  (See *State Farm General Ins.*

10

*Co. v. Workers' Comp. Appeals Bd.* (2013) 218 Cal.App.4th 258, 268 ["[t]he failure of an aggrieved party to seek judicial review of a final order of the WCAB bars later challenge to the propriety of the order or decision before either the WCAB or the court"].)

" '[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or consent. Rather, an act beyond a court's jurisdiction in the fundamental sense is null and void" *ab initio.* [Citation.] "Therefore, a claim based on a lack of . . . fundamental jurisdiction[] may be raised for the first time on appeal. [Citation.]" (*People v. Lara* (2010) 48 Cal.4th 216, 225.) The lack of fundamental jurisdiction is defined as " ' "an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." [Citation.]' " (*Ibid.*)

Petitioners' claim goes to the fundamental jurisdiction of the workers' compensation court over them following the lien's withdrawal. We shall consider this claim on the merits notwithstanding the failure to seek writ review of the earlier WCAB decision rejecting the claim.

The WCAB found this claim to be specious. We agree.

"Although the 'general rule' is that 'once a person has been dismissed from an action he is no longer a party and the court lacks jurisdiction to conduct any further proceedings as to him,' the rule has exceptions. [Citation.]" (*Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1364.) Dismissal of a party from an action does not deprive that party of the right to obtain costs and attorney fees. (*Ibid.*) Likewise, a party subject to a possible award of costs and attorney fees or other sanctions cannot deprive a court from ruling on such claims by dismissing itself from the action.

Any rule to the contrary would allow dismissal to be used as a shield for a party acting in bad faith. "If one party engages in bad faith tactics against another party, there is no basis in logic or public policy to deny the victim the remedy of sanctions simply because, through the bad actor's own doing, the victim is no longer a party." (*Frank Annino & Sons Constr. v. McArthur Rests.* (1989) 215 Cal.App.3d 353, 358.) Petitioners

11

could not deprive the worker's compensation court system from ruling on the claim for sanctions arising out of their actions litigating the lien by withdrawing the lien. Escamilla or another representative of CCPOA was obligated to appear at the hearings on Martin's initial claim for sanctions. The lien's withdrawal is no excuse for the failure to appear.

III

*Attorney Fees*

Petitioners' last claim, that attorney fees are not proper for work on behalf of the attorney rather than the client is likewise devoid of merit. The claim is based on the notion that Martin was not paying his attorney to appear at the proceedings for which attorney fees were assessed, so the attorney was acting pro se and therefore not entitled to them. (See *Trope v. Katz* (1995) 11 Cal.4th 274, 277 [attorney representing himself not entitled to attorney fees under Civ. Code, § 1717].)

The fact that Martin did not pay his attorney for the time spent litigating the sanctions claim does not mean that his counsel was acting pro se. The sanctions were requested on Martin's behalf, and the award of attorney fees in this appeal is based on counsel's acts on Martin's behalf in litigating the claim. Assuming Martin was not charged for this time because counsel was representing him through a contingency fee agreement or chose to represent him free of charge, counsel was representing Martin rather than himself when doing the work for which attorney fees were awarded.[6] The award of fees was proper.

------

[6] Petitioners do not cite to anything in the record regarding how or whether Martin's counsel was paid for this time. They also claim that the initial claim for fees and costs based on the lien was frivolous. This contention is not supported by citations to the record or supporting authority and is accordingly forfeited. (See *Citizens for Positive Growth & Preservation v. City of Sacramento* (2019) 43 Cal.App.5th 609, 629-630 [failure to support assertion with citation to authority forfeits claim].)

## DISPOSITION

The WCAB's order denying the petition for reconsideration is affirmed.  Costs on appeal are awarded to real parties Martin and the Department of Industrial Relations. (Cal. Rules of Court, rule 8.493.)

_____\s\_____,
BLEASE, Acting P. J.


We concur:


_____\s\_____,
MAURO, J.


_____\s\_____,
KRAUSE, J.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

----

| | |
|---|---|
| CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION BENEFIT TRUST FUND et al., | C093293 |
| Petitioners, | (WCAB Nos. ADJ9260421,ADJ8750255) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| WORKERS' COMPENSATION APPEALS BOARD et al., | |
| Respondents. | |

THE COURT:

The opinion in the above-entitled matter filed on January 5, 2022, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

1

# EDITORIAL LISTING

ORIGINAL PROCEEDING in mandate.  Petition denied on merits by opinion. Jeffry Diamond, Judge.

Nhung Thi Nguyen, Attorney for Petitioners.

Allison J. Fairchild, Attorney for Respondent, Worker's Compensation Appeals Board.

Jennie M. Brown and Lisa A. Stolzy, Attorneys for Respondent, State Compensation Insurance Fund.

Joel B. Campbell, Attorney for Respondent, David Martin Jr.


BY THE COURT:


\_\_\_\_\_\s\_____,
BLEASE, Acting P.J.


\_\_\_\_\_\s\_____,
MAURO, J.


\_\_\_\_\_\s\_____,
KRAUSE, J.